CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
JUL 16 2007
JOHN F. CORCORAN, CLERK
BY: DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:06CR00041-3 |
| | ) | |
| v. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| HOWARD HARRISON FELIX, | ) | |
| a/k/a "Timothee Elvis," | ) | |
| | ) | By:   B. WAUGH CRIGLER |
| Defendant. | ) | U.S. MAGISTRATE JUDGE |

In accordance with the provisions of Title 28 U.S.C. § 636(b)(3) and upon the defendant's consent, this case was referred to the undersigned to conduct a plea hearing.

**DEFENDANT'S RESPONSES TO RULE 11 INQUIRY**

The Grand Jury has returned a multiple count Indictment charging defendant in Count One with willfully and knowingly combining, conspiring, confederating, and agreeing together, with persons known and unknown to the Grand Jury, to commit offenses against the United States, to wit: to manufacture, distribute, and possess with intent to distribute 50 or more grams of cocaine base, in violation of Title 21, United States Code, Section 841(a), all in violation of Title 21, United States Code, Section 846; and Count Twenty-Nine, a forfeiture allegation, for the forfeiture of property and money to the United States pursuant to Title 21, United States Code, Section 853.

On July 3, 2007, a plea hearing was conducted before the undersigned, and the defendant entered a plea of guilty to Count One of the Indictment. The government agreed that upon acceptance of plaintiff's plea of guilty to Count One, there will be no further prosecution of the defendant in this District for matters the government became aware of during the investigation of this case.

At this hearing, the defendant was placed under oath and testified that his full legal name is

Howard Harrison Felix, he was born on April 27, 1977, and he graduated from high school. The defendant stated that he can read, write, and understand the English language. The defendant stated that he was fully aware of the nature of the charges against him and the consequences of pleading guilty to those charges. The defendant further testified that he was not under the influence of alcohol, medicine, or any drug. The defendant stated that he had no other physical or mental condition which impaired his ability to understand the nature of the proceedings being held. The defendant's counsel stated that he had no reservations as to the defendant's competency to enter a plea of guilty to the offense.

The defendant testified that he had received a copy of the Indictment pending against him and that he had fully discussed the charges therein, and his case in general, with his counsel. The defendant stated that he was pleading guilty of his own free will because he was, in fact, guilty of the offense charged. The defendant also stated that no one had made any promises, assurances or threats to him in an effort to induce his plea. The defendant testified that he understood that the offense with which he is charged in Count One is a felony, and that if his plea is accepted, he will be adjudged guilty of that offense. Moreover, the defendant testified that he understood that he will be required to pay a mandatory assessment of $100. The defendant acknowledged that he consented to the administrative forfeiture, official use and/or destruction of any illegal firearms or contraband seized by any law enforcement agency from his possession or from his direct or indirect control. The defendant acknowledged that he consented to the forfeiture of property as set forth in the plea agreement and that such a forfeiture of property is proportionate to the degree and nature of the offense he committed and does not raise any of the concerns addressed in *United States v. Austin*, 113 S.Ct. 2801 (1993). The defendant stated that he understood that he must submit to the

government a complete and truthful financial statement revealing all his assets and liabilities on a form provided by the government within thirty days of the date of the plea agreement. The defendant testified that he understood that under the terms of the agreement he was waiving any right to appeal or to collaterally attack his conviction or sentence and that he was waiving his right to have a jury determine beyond a reasonable doubt the facts alleged in Count One, including any facts related to sentencing. The defendant further testified that he knew that the government retained the right to appeal sentencing issues. The defendant stated that he was waiving his right to raise the defense of the statute of limitations if for any reason the plea agreement is withdrawn or otherwise not consummated. The defendant also testified that he was waiving all rights under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of his case.

The defendant was informed that the maximum possible penalty provided by law for the offense with which he is charged in Count One is life imprisonment, a $4,000,000 fine, and a period of supervised release. The defendant was informed that Count One has a mandatory minimum sentence of ten years imprisonment. Finally, the defendant was informed that his assets might be subject to forfeiture.

The defendant was informed that under the Sentencing Reform Act of 1984, the United States Sentencing Commission has issued guidelines for judges to follow in determining the sentence in a criminal case. The defendant was then informed that, in light of the United States Supreme Court's decision in *United States v. Booker*, 125 S.Ct. 738 (2005), the sentencing guidelines are no longer mandatory but that the sentencing judge may apply them in an advisory fashion in determining a

reasonable sentence. The defendant stated that he understood that, contingent upon his acceptance of responsibility and continued cooperation in the sentencing process, and fulfillment of his duties under the plea agreement, the government will recommend a two-level (2) reduction under USSG § 3E1.1(a), and because he meets the listed criteria, he should be granted an additional one-level (1) reduction under USSG § 3E1.1(b) if his offense level is calculated by the court as 16 or higher. The defendant acknowledged he knew that the government would not file an information under 21 U.S.C. § 851 on the basis of a conviction for possession of cocaine with intent to distribute in Winchester Circuit Court on April 10, 2006. The defendant stated that he understood that the government is under no obligation to file a motion for substantial assistance, but that to the extent the government does exercise such discretion in this regard, he must provide such assistance in a manner set forth in the plea agreement. The defendant stated that he understood that a determination as to whether he had provided "substantial assistance" was a matter within the discretion of the United States Attorney's Office. The defendant stated that he was aware that pursuant to the Sentencing Guidelines the sentencing judge could add or subtract up to four sentencing points to his sentencing level based upon his role in the offense, and defendant informed the court that he and the government had agreed that his sentencing level would not be adjusted. The defendant stated that he and the government agreed that for purposes of USSG §§ 2D1.1 and 1B1.3 he would be held responsible for at least 50 grams but less than 150 grams of cocaine base. The defendant stated he understood that information given by him during a proffer or cooperation would not be used against him in the government's case-in-chief in any State or federal prosecution of a non-violent crime and would not be used against him to enhance his sentence under USSG § 1B1.8. However, the defendant stated he understood that information given by him during a proffer or cooperation could be used against

4

him in a prosecution for perjury or as impeachment material.

The defendant testified that he and his counsel had discussed how the sentencing guidelines might apply in his case. The defendant also testified that he understood that the court would not be able to determine the applicable guideline range, for advisory purposes, until after a presentence report has been prepared and both parties have been given an opportunity to challenge the reported facts and application of the guidelines. He stated that he understood that the eventual sentence imposed may be different from any estimate his attorney had given him and that the court has the authority to impose a sentence that is either higher or lower than that called for by the guidelines, so long as the sentence is not greater than the statutory maximum for the offense to which the defendant is pleading guilty. The defendant stated that he knew that parole had been abolished and that if he is sentenced to prison he will not be released on parole but on supervised release, a violation of which could result in additional incarceration.

The defendant testified that he understood that he had the right to a trial by a jury, in addition to the following rights, which will be waived or given up if his guilty plea is accepted:

1. The right to plead not guilty to any offense charged against him;
2. The right at trial to be presumed innocent and to force the government to prove his guilt beyond a reasonable doubt;
3. The right of assistance of counsel at trial and in any subsequent appeal;
4. The right to see, hear and cross-examine witnesses;
5. The right to call witnesses to testify in his own behalf and to the issuance of subpoenas or compulsory process to compel the attendance of witnesses;
6. The right to decline to testify unless he voluntarily elects to do so in his own defense;
7. The right to a unanimous guilty verdict; and
8. The right to appeal a guilty verdict.

The defendant also testified that he understood that if he is adjudged guilty of these charges, he may be

deprived of valuable civil rights, such as the right to vote, the right to hold public office, the right to serve on a jury, and the right to possess a firearm.

The defendant stated that he was "very satisfied" with the advice and representation given to him in this case by his counsel. The defendant further stated that was sorry for any damage or pain he had caused the Winchester community. Finally, the defendant testified he understood the possible consequences of his plea of guilty to Count One.

## THE GOVERNMENT'S EVIDENCE

The defendant waived his right to have the government's Factual Summary read in open court and had no objection to the Summary. The Factual Summary having been filed in open court, the evidence presented therein regarding the offense charged is as follows:

Come now the United States of America, by counsel, and HOWARD HARRISON FELIX, by counsel and in proper person, and stipulate to following facts in support of the guilty plea. The parties agree that the stipulated facts set forth below are accurate in every respect and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt. In addition, the United States and I agree to the stipulation of facts with the belief that said stipulation sets forth the relevant facts and circumstances as required by Section 6B1.4 of the Sentencing Guidelines. The parties reserve the right to introduce additional facts and circumstances relating to the offense, and stipulate as follows:

Beginning at an unknown date but not later than January 2002, and continuing to September 6, 2006, an agreement existed in the Western District of Virginia between two or more persons to distribute and possess with intent to distribute 50 or more grams of cocaine base, or "crack". The defendant knew of the agreement, and he knowingly and voluntarily became a member of the

6

conspiracy.

During the time frame charged in the indictment, it was a part of the conspiracy that when powder cocaine was brought to Winchester, Virginia, coconspirators including Adelson Michel, Obenson Sesere, Sheena Nicole Curry, and HOWARD HARRISON FELIX distributed crack cocaine to other members of this conspiracy and individuals known and unknown to the Grand Jury to be sold in the Winchester, Virginia, area.

In and during 2003, Robert Lee Scott, Jr., HOWARD HARRISON FELIX, and other coconspirators congregated in front of Sherry Sloane's residence, 514 North Kent Street, Winchester, Virginia, and sold crack cocaine in front of Cartwright's Recreation Center at 502 North Kent Street, Winchester, Virginia.

On April 21, 2005, HOWARD HARRISON FELIX possessed 7.037 grams of crack cocaine with intent to distribute on Kern Street in Winchester, Virginia. He was also in possession of $520 in U. S. currency at that time.

A CI stated that in 2005, he/she had personally witnessed Adelson Michel sell crack cocaine to persons known and unknown to the Grand Jury including, but not limited to, Roland Donella Jackson, and other coconspirators not charged in this indictment. The coconspirator, in turn, was observed by the CI supplying crack cocaine to HOWARD HARRISON FELIX.

Interviews with witnesses and coconspirators as of the date of this Statement of Facts establish that HOWARD HARRISON FELIX, either directly or through conduct by coconspirators that was reasonably foreseeable to him, was responsible at least 50 but less than 150 grams of cocaine base. The interview with witnesses and coconspirators also establish that the defendant played neither an aggravating nor a mitigating role in the offense.

7

Case 5:06-cr-00041-GEC-BWC   Document 435   Filed 07/16/07   Page 7 of 9   Pageid#: 909

## FINDINGS OF FACT

Based on the evidence presented at the plea hearing, the undersigned now submits the following formal findings of fact, conclusions and recommendations:

1. The defendant is fully competent and capable of entering an informed plea;
2. The defendant is aware of the nature of the charges and the consequences of his plea;
3. The defendant knowingly and voluntarily entered a plea of guilty to Count One of the Indictment; and
4. The evidence presents an independent basis in fact containing each of the essential elements of the offense to which the defendant is pleading guilty.

## RECOMMENDED DISPOSITION

Based upon the above findings of fact, the undersigned RECOMMENDS that the court accept the defendant's plea of guilty to Count One and adjudge him guilty of that offense. A sentencing hearing hereby is scheduled for September 17, 2007 at 10:00 a.m. before the presiding District Judge in Harrisonburg.

## NOTICE TO PARTIES

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C): Within ten days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. The presiding District Judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. The presiding District Judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the undersigned.

The judge may also receive further evidence or recommit the matter to the undersigned with instructions.

Failure to file timely written objections to these proposed findings and recommendations within 10 days could waive appellate review. At the conclusion of the 10-day period, the Clerk is directed to transmit the record in this matter to the presiding United States District Judge.

The Clerk is hereby directed to send certified copies of this Report and Recommendation to all counsel of record.

ENTERED: _____
United States Magistrate Judge

7/16/07
Date